UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Tim Mackey and John Nesse, as Trustees of the Minnesota Laborers Health and Welfare Fund, | Civ. No. 14-2024 (PAM/LIB) |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| Terri Lynn Johnson, as Trustee for the heirs and next-of-kin of Timothy M. Scherf, Meshbesher & Spence, Ltd., and The Duluth Clinic Ltd., d/b/a Essentia Health Deer River Clinic, | |
| Defendants. | |

This matter is before the Court on a Motion to Dismiss filed by Defendants Terri Lynn Johnson and Meshbesher & Spence. For the reasons that follow, the Motion is denied.

**BACKGROUND**

This case presents the question of whether an ERISA plan has the right to recover money paid to the plan beneficiary's heirs under Minnesota's wrongful-death statute. Defendant Terri Johnson is the wrongful-death trustee for the heirs of her brother, Timothy M. Scherf. The Minnesota Laborers Health and Welfare Fund provided health insurance to Scherf. Scherf died of lung cancer in August 2012.

After Scherf's death, Johnson, represented by Defendant Meshbesher & Spence, brought a wrongful-death lawsuit in state court against Defendant The Duluth Clinic, alleging that the Clinic misdiagnosed Scherf and that the delay in treating his lung cancer led to his

death, and seeking damages under Minnesota's wrongful-death statute, Minn. Stat. § 573.02. Johnson and the Clinic settled the lawsuit in September 2013. The terms of the settlement, including the release of claims that Johnson signed, are not yet in the record before the Court.

The Trustees of the Fund brought this lawsuit contending that Johnson and Meshbesher & Spence owe the Fund more than $200,000 that the Fund allegedly paid for Scherf's medical bills relating to his cancer.[1] (Compl. ¶ 18.) The Fund asserts that the settlement between Johnson and the Clinic included the release of any potential claims regarding medical bills (id. ¶¶ 22-23) and that therefore, in accordance with the Fund's Plan documents, the Fund has a subrogation right against that settlement.

The Summary Plan Description provides that the Fund retains a first-party subrogation interest in any money paid "to or on behalf of th[e] Participant" by a responsible third party for "injuries, sickness, or death." (Nemo Aff. Ex. A at 102, 103.) There is no dispute that the Fund has a subrogation right against any payment to the Participant or to his estate for medical expenses that are received from a third party. The Plan also states that the subrogation right applies to "all awards or settlements received by the Participant from any third party . . . regardless of how the award or settlement is characterized (including, but not limited to, any apportionment to a spouse for loss of consortium)." (Id.)

---

[1] Defendants dispute the amount the Fund asserts it is entitled to subrogate.

The Fund seeks a constructive trust against the settlement proceeds or, in the alternative, a declaratory judgment construing the terms of the settlement and release to exclude claims for medical expenses so that the Fund may pursue such claims against the Clinic.

Johnson and Meshbesher & Spence (collectively, "Defendants") ask the Court to dismiss the Complaint, contending that the settlement did not include any claims for medical expenses, and that both the terms of the Plan and Minnesota law preclude the relief the Fund seeks. The Clinic had not been served at the time the Motion was briefed and took no position on the Motion.

**DISCUSSION**

When evaluating a motion to dismiss under Rule 12(b)(6), the Court assumes the facts in the Complaint to be true and construes all reasonable inferences from those facts in the light most favorable to Clark. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). However, the Court need not accept as true wholly conclusory allegations, Hanten v. Sch. Dist. of Riverview Gardens, 183 F.3d 799, 805 (8th Cir. 1999), or legal conclusions that Clark draws from the facts pled. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level." Id. at 555.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not pass muster under Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555). In sum, this standard "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim]." Twombly, 550 U.S. at 556.

Defendants insist that the settlement with the Clinic did not include claims for medical expenses, and that any reference to such claims in the settlement documents was mere "puffery." But whether the settlement and/or the release was intended to cover medical expenses is a fact question that is not appropriate for resolution on a motion to dismiss. The Fund's Complaint alleges that the "claim for medical expenses was settled as part of [Johnson's] Lawsuit." (Compl. ¶ 31.) The Court must take this plausible allegation as true for the purposes of this Motion. If the Fund is correct that the settlement covered medical expenses, then the Plan documents clearly provide for the Fund's right to subrogate the settlement.[2]

Defendants also contend that Johnson, as the wrongful-death trustee, is not entitled to assert a claim for medical expenses under Minnesota law, and that therefore the Court should ignore any reference to medical expenses in the settlement documents. Whether Johnson is entitled to assert a claim is not relevant to the Fund's allegations. A party may settle claims she is not entitled to bring if the opposing party is willing to pay for those claims. Only further

---

[2] Whether Minnesota law would prohibit such subrogation, and whether ERISA would preempt Minnesota law on that point, are issues that are not ripe for resolution at this stage of the proceedings.

discovery will reveal whether the allegations in the Complaint are true.

**CONCLUSION**

The Fund has alleged that Johnson and the Clinic included Scherf's medical expenses in their settlement of Johnson's claims. This allegation is sufficient to state a claim. Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Dismiss (Docket No. 6) is **DENIED**.

Dated: September 25, 2014

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge